IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


GARY WAYNE COVINGTON,                                                    PLAINTIFF

vs.                                      Civil No. 6:25-cv-06094


FRANK BISIGNANO,                                                         DEFENDANT
Commissioner, Social Security Administration


## MEMORANDUM OPINION

Gary Wayne Covington ("Plaintiff") brings this action pursuant to § 205(g) of Title XVI of the Social Security Act ("The Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act.

The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (ECF No. 6.) Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

### 1. Background

Plaintiff filed his disability application on March 22, 2023. (Tr. 14.)[1] In this application, Plaintiff alleged being disabled due to schizophrenia, PTSD, and bipolar disorder. (Tr. 272.)

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 8. These references are to the page number of the transcript itself not the ECF page number.

Plaintiff alleged an onset date of January 1, 2015. (Tr. 14.) Plaintiff's application was denied initially on July 27, 2023, and again upon reconsideration on February 16, 2024. *Id.*

Plaintiff requested an administrative hearing on his denied application, and this request was granted. (Tr. 14.) An Administrative Law Judge ("ALJ") conducted the hearing on September 23, 2024. (Tr. 33-63.) At this hearing, Plaintiff was present and represented by Randolph Mark Baltz. (Tr. 14.) Plaintiff and Vocational Expert ("VE"), Elizabeth Clem, both testified at the hearing. *Id.*

On October 16, 2024, the ALJ entered an unfavorable decision. (Tr. 14-24.) In this decision, the ALJ determined Plaintiff has not engaged in substantial gainful activity since March 22, 2023. (Tr. 16, Finding 1.) The ALJ also determined Plaintiff has the severe impairments of bradycardia, hypertension, obesity, depressive disorder, schizophrenia, bipolar type, anxiety disorder, and posttraumatic stress disorder ("PTSD"). (Tr. 16, Finding 2.) Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (Tr. 17, Finding 3.)

The ALJ also determined Plaintiff has the Residual Functional Capacity ("RFC") to perform medium work with the exception of

> he can maintain concentration, persistence and pace for simple tasks; can understand, carry out and remember simple work instructions and procedures; can adapt to changes in the work setting are simple, predictable and can be easily explained; and he can occasionally interact with co-workers, supervisors and the public.

(Tr. 19, Finding 4.) The ALJ then determined Plaintiff has no Past Relevant Work ("PRW"). (Tr. 23, Finding 5.) Finally, the ALJ determined that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy, such as laundry worker with 70,000 jobs in the national economy and commercial cleaner with 45,000

jobs in the national economy.  (Tr. 23, Finding 9.)  Based upon these findings, the ALJ determined Plaintiff has not been disabled under the Act from March 22, 2023, through the date of the decision. (Tr. 24, Finding 10.)

On September 5, 2025, Plaintiff filed the present appeal.  (ECF No. 2.)  Both parties filed appeal briefs.  (ECF Nos. 10, 12.)  This case is now ready for decision.

## 2. **Applicable Law**

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

If substantial evidence supports the ALJ's conclusion, the Court cannot reverse simply because substantial evidence also supports a different outcome.  *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010); *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  Therefore, "if after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Goff v. Barnhart*, 421 F.3d 785, 790-91 (8th Cir. 2005); *Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity.  *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A), *Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998).  The Act

defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the RFC to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. § 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of their RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920.

### 3.  **Discussion**

In his appeal brief, Plaintiff raised the following arguments for reversal: (1) the ALJ failed to properly formulate the RFC based on substantial evidence and (2) the ALJ failed to properly evaluate Plaintiff's subjective allegations. (ECF No. 10.) In response, Defendant argues substantial evidence supports the ALJ's findings and the ALJ properly evaluated Plaintiff's subjective complaints. (ECF No. 12.)

4

**A. <u>RFC Determination</u>**

In this matter, the ALJ determined Plaintiff retained the RFC to perform medium work. (Tr. 19-23.)  Plaintiff argues the ALJ erred in this RFC determination.  (ECF No. 10, pgs. 3-18.) However, substantial evidence supports the ALJ's RFC determination.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC.  *See* 20 C.F.R. § 404.1520(a)(4)(iv).  This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace.  *See Stormo v. Barnhart*, 377 F.3d 801, 807 (8th Cir. 2004).  The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'"  *Stormo v. Barnhart*, 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart*, 294 F.3d 1019 (8th Cir. 2002)).  The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC.  *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *Cox*, 160 F.3d at 1206.  The mere fact a claimant has a long list of medical conditions does not demonstrate that person is disabled; instead, the RFC determination is a function-by-function analysis.  *See* SSR 96-8P, 1996 WL 374184 (July 2, 1996).  "The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms."  *Id*.

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination.  *Lauer v. Apfel*, 245 F.3d 700, 703-04 (8th Cir. 2001).  Furthermore, this Court is required to affirm the ALJ's RFC determination if that

determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel*, 228 F.3d 860, 862 (8th Cir. 2000).

Based upon this standard and a review of Plaintiff's records and allegations in this case, the Court cannot find Plaintiff has demonstrated having any greater limitations than those found by the ALJ. The ALJ provided a thorough summary of Plaintiff's medical records and subjective complaints in this matter. The mere fact Plaintiff suffered from several impairments does not demonstrate he had more limitations than those found in the RFC assessment.

Although Plaintiff claims the ALJ failed to base his RFC determination on substantial evidence and erred by not properly considering Plaintiff's subjective allegations regarding hallucinations and his schizophrenia diagnosis, the ALJ based his decision on substantial evidence. This includes medical opinions from Ouachita Behavioral Health & Wellness, Maxine Ruddock, Ph.D., Graham Reid, M.D., Jesica Tucker, LMSW, Kenneth B. Jones, Ph.D., and Denise Hudson, APRN. (Tr. 652-773, 830-842, 878-933, 1015-1128, 65-71, 72-82, 623-625, 871-877, and 934-936.)

Substantial evidence supports the ALJ's RFC determination. Plaintiff has the burden of establishing his claimed RFC. See *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met this burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, the ALJ's RFC determination should be affirmed.

### B. Subjective Allegations

Plaintiff also claims the ALJ erred in evaluating his subjective allegations of disability. (ECF No. 10, pgs. 18-20.) In assessing the subjective allegations of a claimant, the ALJ is required

to examine and to apply the five factors from *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski*, 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective allegations of pain. *See id*. The ALJ is not required to methodically discuss each factor if the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective allegations. *See Lowe v. Apfel*, 226 F.3d 969, 971-72 (8th Cir. 2000). If the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective allegations are not entirely valid, the ALJ's determination is entitled to deference. *See id.*; *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective allegations "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski*, 739 F.2d at 1322.

When discounting a claimant's allegations of pain, the ALJ must make a specific evaluation of a claimant's subjective allegations, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel*,

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under Polaski and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue*, 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act.  The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.  *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with *Polaski* in his evaluation of Plaintiff's subjective allegations.  (Tr. 19-23.)  The ALJ considered Plaintiff's daily activities, including that he went to church three to four times a week, used his four-wheeler and boat, and went camping and deer hunting.  (Tr. 21, 20.)  The ALJ also discussed Plaintiff's medication, specifically the use of Prazosin, Topamax, Bupropion, Lamotrigine, Hydroxyzine, and Zyprexa.  (Tr. 20.)  Finally, the ALJ opined the RFC is "supported by some of the claimant's own subjective allegations, the relatively benign objective findings, the conservative degree of treatment the claimant has received, [and] the claimant's response to the treatment."  (Tr. 22-23.)

### 4.  <u>Conclusion</u>

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence, and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 26th day of May 2026.**

/s/ *Spencer G. Singleton*
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE